**Phillip KARPINSKI, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Nov. 24, 1972.

Joseph M. Kwiatkowski and Edward Z. Sobocinski, Wilmington, for defendant below, appellant.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before WOLCOTT, Chief Justice, and CAREY and HERRMANN, Associate Justices.

HERRMANN, Justice:

This is an appeal from a conviction and sentence for the sale of a dangerous drug, under 16 Del.C. § 4724.[1] The defendant questions the failure of the Trial Judge to impose sentence under 16 Del.C. § 4730A [2] which provides for the presentation

---

1. 16 Del.C. § 4724 provides:
  " § 4724. Unlawful sale of, attempt to sell, or possession with intent to sell a dangerous drug; penalty
  "Whoever knowingly and unlawfully sells, attempts to sell, or has in his possession with intent to sell a dangerous drug shall be fined not less than $1,000 nor more than $10,000 and imprisoned not less than 5 years nor more than 10 years."

2. 16 Del.C. § 4730A provides in pertinent part:

" § 4730A.  Mitigating circumstances and reduced penalties
"(a) In any prosecution for a violation of section 4724 * * * of this title, the maximum penalty shall be a fine of $1,000 or 2 years imprisonment, or both, and there shall be no minimum sentence, if all of the following elements are found to be present:
"(1) that the defendant is under the age of 21 years; and
"(2) that the defendant sold a dangerous drug other than a narcotic drug; and

of mitigating circumstances and the reduction of penalties when youthful persons are involved in an offense of this kind.

## I.

The appellant, age 15, was tried before a jury and found guilty under § 4724 of selling 3 grams of hashish to an 18 year old acquaintance. Subsequently, the defendant moved for a § 4730A mitigation hearing before the Court.

At that hearing, held several weeks after the trial, the State contended that a § 4730A hearing was a "sentence hearing" at which hearsay evidence was admissible; the defendant's position was that it was a "judicial hearing" at which the rules of evidence apply. The Trial Judge reserved decision, allowed hearsay for the purposes of the hearing, and stated that he would rule later as to whether the hearsay would be considered.

The elements in dispute at the § 4730A hearing were those contained in subsection (a)(3): whether the sale transaction charged was an "isolated incident", and whether the defendant was "engaged in the business" of selling dangerous drugs. The other elements of subsection (a)(3) were not in controversy.

The defendant testified at the hearing that he was not in the business of selling drugs, that he did not make a profit on the sale involved, and that the sale was an isolated one. Two schoolmates, under State subpoenas, were called by the defendant; they testified that they had never seen the defendant sell drugs; and their only information about him was pure hearsay.

> "(3) that the transaction was an isolated incident, and the defendant did not make a profit in the transaction or assist another in making a profit, and that the defendant is not engaged in the business of selling dangerous drugs; and
> "(4) that the sale was made to one who was 15 years of age or older, and had been acquainted with the defendant for a period of at least 1 year before any sale took place.

The only evidence adduced by the State to contradict the defendant's testimony was hearsay: a girl schoolmate testified that another girl told her of a purchase of drugs from the defendant.

The Trial Court's ruling upon the § 4730A hearing was as follows:

> "* * * the Court held a hearing to ascertain facts as to whether or not Title 16 Section 4730A should be applied.

> "The Court is hereby incorporating that hearing into the presentence report and will await completion of the presentence report before making a ruling as to whether or not the Court shall apply Title 16 Section 4730A."

As to the elements in dispute at the § 4730A hearing, the presentence report contained only hearsay. Thus, as to those elements, all information before the Court was hearsay.

The record discloses no express ruling upon the hearsay evidence question which was reserved at the § 4730A hearing; nor is there an express finding upon the elements of § 4730A in controversy or upon the applicability of that Statute to the defendant in this case. It must be concluded, however, that the Trial Court indirectly ruled against the defendant in all of these areas in view of the sentence ultimately imposed upon the defendant: a fine of $1,000 and imprisonment for a term of 10 years; the prison sentence suspended, however, and the defendant placed upon probation for the 10 year period. The defendant appeals.

> * * * * *
> "(c) The burden shall be on the defendant to establish the foregoing mitigating circumstances by a preponderance of the evidence. At the option of the defendant the mitigating circumstances may be pleaded and presented to either (but not both): (A) the trier of fact, or (B) the court at a hearing after conviction and prior to sentencing."

## II.

The Trial Court erred, we think, in admitting at the § 4730A hearing evidence in violation of the rules of evidence, and in considering such evidence to be in the same category as information contained in the presentence report.

■ The provisions of § 4730A, enacted in 1969, are unusual, ambiguous, confusing, and difficult of application. After careful analysis and the requisite special effort to harmonize this recent Statute with our established practice and procedures, we have concluded that § 4730A creates, in effect, a lesser-included offense within § 4724.

§ 4724 covers the full crime of sale or possession with intent to sell a dangerous drug, with a minimum penalty of 5 years imprisonment[3] and $1,000 fine and a maximum penalty of 10 years imprisonment and $10,000 fine. § 4730A manifestly reduces the degree of a § 4724 offense, where youth and a non-narcotic drug are involved and the other elements prescribed by § 4730A are present, to the extent that there is no minimum penalty and the maximum is a fine of $1,000 or 2 years imprisonment or both.

The lesser-included-offense nature of § 4730A is supported, in our view, by the provisions of subsection (c) that the benefits of § 4730A must be expressly claimed by the defendant in a § 4724 prosecution by being "pleaded"; and that the elements of § 4730A must be established by the defendant "by a preponderance of the evidence" either (1) at the trial before the "trier of fact", i. e., the jury or the court sitting without a jury, or (2) after the trial at a post-conviction hearing before the court alone; but not both. The elective involvement of the "trier of fact" at the trial, in the application of § 4730A, eliminates the notion that the purpose of § 4730A is to provide a "sentencing hearing". As a matter of general practice and policy in this jurisdiction, the "trier of fact" does not become involved in the sentencing process during the trial; nor does the jury become involved in the sentencing process after the trial, as in some jurisdictions where bifurcated trials prevail. It may not be assumed, in the absence of a more specific expression of legislative intent, that subsection (c) was intended to introduce into our jurisprudence the concept of involvement of the "trier of fact" in the sentencing process.

■ More reasonable and feasible, under our established practice and procedure, is the conclusion that subsection (c) provides a method whereby a youthful offender, charged under § 4724, may reduce the degree of the offense charged by claiming the benefits of § 4730A under one of several elections: Prior to trial, he may offer and the State may accept a plea of guilty of the lesser offense. At trial, he may admit the unlawful sale or possession with intent to sell under § 4724 and go to trial on the lesser-included offense,[4] putting in issue before the trier of fact the factual elements of § 4730A as to which the defendant has the burden of proof by a preponderance of the evidence. After trial, having been convicted of violation of § 4724 without having claimed the benefits of § 4730A, the defendant may have a supplemental trial of the § 4730A issues before the court alone, and there seek to have the conviction reduced to the lesser-included offense.[5]

---

3. We are not required in this appeal to decide the propriety of a suspended sentence where, as here, the controlling Statute mandates a minimum prison sentence.

4. This possibility suggests the need for a Rule of Criminal Procedure requiring due notice to the State, by plea or otherwise, of intent to adopt this course at trial.

5. Noteworthy is 16 Del.C. § 4728 which specifies that the lesser-included offense under § 4724 is § 4722 which covers unlawful use or possession of a dangerous drug. This specification does not foreclose, however, the existence of another lesser-included offense created by the Statute.

In none of these situations has the sentencing stage been reached. The sentencing stage is reached only when the applicability of § 4730A has been determined after plea or trial of the § 4730A issues. Thereafter, the sentencing judge knows for the first time whether he is confronted with the range of statutory penalties prescribed by § 4724 or the very different range of penalties prescribed by § 4730A. It is not until then that the presentence report, and the hearsay it may necessarily contain, may properly be of determinative value to the sentencing judge.

■ Under this conception of its scope and purpose, subsection (c) of § 4730A provides a regular judicial proceeding governed by the rules of procedural due process and the rules of evidence. If the defendant elects to present the § 4730A issues to the jury at trial, the regular rules of due process and evidence would prevail unquestionably; those rules are not waived or relaxed by the election of a non-jury trial of the issues.

We hold, therefore, that the Superior Court erred in admitting, at the § 4730A hearing, evidence in violation of the rules of evidence, and in considering the contents of the presentence report in determining the applicability of § 4730A.

### III.

We have considered the ground of appeal based upon the prosecutor's statements during closing argument to the jury. We do not find the statements criticized sufficiently inflammatory to justify a new trial.

\* \* \*

Accordingly, the judgment below is reversed and the cause remanded, with directions to conduct a new § 4730A hearing and impose a new sentence, and for such other proceedings as may not be inconsistent herewith.